# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CRIM CASE NO. 17cr796WQH |
|---|---|
| Plaintiff/Respondent, | CIVIL CASE NO. 18cv254WQH |
| v. | **ORDER** |
| EDGAR ORGAZ-CIO, | |
| Defendant/Petitioner. | |

HAYES, Judge:

This matter comes before the Court is the Petition pursuant to 28 U.S.C. § 2255 to vacate sentence filed by the Defendant/Petitioner. (ECF No. 30).

## FACTS

Defendant entered a plea of guilty to an Information charging him with removed alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b). In the factual basis of the Plea Agreement, the Defendant agreed "the following facts are true and undisputed: . . . Defendant was lawfully ordered deported or removed from the United States for the first time on or about October 13, 2010. On October 6, 2010, defendant was convicted of California Health and Safety 11352, Possession/Purchase for Sale Narc/Controlled Substance and sentence to 3 years in prison." (ECF No. 17 at 3). The Plea Agreement stated, "The parties are free to argue for the applicability of any Specific Offense Characteristic, pursuant to USSG § 2L1.2(b), based on the information available at the time of sentencing." *Id.* at 7 FN 1.

The Plea Agreement further provided, "In exchange for the Government's concessions in this plea agreement, defendant waives (gives up) all rights to appeal and

to collaterally attack every aspect of the conviction and sentence, including any restitution order. The only exceptions are (i) defendant may appeal a custodial sentence above the high end of the guideline range recommended by the Government at sentencing, and (ii) defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel." *Id*. at 10-11. Defendant signed the Plea Agreement further stating the "Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect." *Id*. at 13.

At the time of sentencing, the Presentence Report recommended a base offense level of eight and the following two specific offense characteristics: 1) an eight-level increase pursuant to U.S.S.G. § 2L1.2(b)(2)(B) if, before the defendant was ordered removed for the first time, defendant sustained a conviction for a felony for which the sentence imposed was 2 years or more; and 2) a ten-level increase pursuant to U.S.S.G. § 2L1.2(b)(3)(A) if, after the defendant was ordered removed for the first time, defendant sustained a conviction for a felony for which the sentence imposed was 5 years or more.[1]

Defendant filed an objection to the eight-level increase pursuant to §2L1.2(b)(2)(B) which was based on a conviction sustained by Defendant on October 6, 2010 for violation of California Health and Safety Code §11352 at Paragraph 28 of the Presentence Report ("the 2010 state court case"). (ECF No. 22). At the time of the sentencing in the 2010 state court case, Defendant received five years probation after serving 130 days in custody. Defendant was removed on October 13, 2010. On October 25, 2012, probation was revoked in the 2010 state court case and Defendant was sentenced to three years in custody. In his objections to the Presentence Report, Defendant asserted that his sentence prior to his October 13, 2010 removal was less than two years and that the four-level enhancement pursuant to §2L1.2(b)(2)(D)

---

[1] Defendant did not object to the ten-level increase pursuant to U.S.S.G. § 2L1.2(b)(3)(A). All calculations in this order include this increase.

applied. Defendant asserted that the sentence imposed upon his probation revocation after his removal is not properly included in the application of U.S.S.G. § 2L1.2(b)(2). Defendant asserted that the proper offense level with a four-level enhancement, the four-level decrease for fast track, and a two-level decrease for combination of factors was 15 and the proper guideline range was 18-24 months.

The Government opposed the objection and agreed with the application of an eight-level enhancement for the 2010 state court conviction pursuant to U.S.S.G. § 2L1.2(b)(2)(B) recommended in the Presentence Report. (ECF No. 26). The Government concluded that proper offense level with an eight -level enhancement, the four-level decrease for fast track, and a one-level decrease for combination of factors was 18 and the applicable guideline range was 33 - 41 months. The Government recommended a sentence of 33 months. (ECF No. 20).

On August 2, 2017, the Court concluded that the Presentence Report correctly imposed an eight-level increase under §2L1.2(b)(2)(B) for Defendant's 2010 state court conviction. The Court found that §2L1.2(b)(2)(B) included the term of imprisonment imposed upon revocation of Defendant's term of probation and resulted in an eight level increase under §2L1.2(b)(2)(B) "for a felony offense (other than an illegal reentry offense for which the sentence imposed was two years or more." The Court concluded that the application of §2L1.2(b)(2)(B) included the initial sentence in the October 6, 2010 conviction of 130 days custody and the sentence imposed upon revocation of probation of 3 years. The Court imposed a sentence of 33 months imprisonment. (ECF No. 28). Defendant did not file a direct appeal.

On September 15, 2017, the Court of Appeals for the Ninth Circuit filed an opinion in *United States v. Hernandez Martinez*, 870 F.3d 1163 (9th Cir. 2017) applying §2L1.2(b)(2). Hernandez Martinez sustained a felony conviction before he was first ordered deported in 2004 and he was sentenced to one year of incarceration before his first deportation order. The sentence was increased to three years of incarceration after his first deportation and his return to the United States. Hernandez

Martinez argued that "conviction did not trigger the enhancement because he had been sentenced to only a year of prison . . . before his first deportation order in 2004; the remainder of the sentence for that offense was imposed in March 2006, after he returned to the United States." *Id.* at 1165. The district court applied the eight-level enhancement pursuant to § 2L1.2(b)(2)(B) for a felony conviction for which the sentence imposed was 2 years or more.

The Court of Appeals stated:

> The question presented here is whether the phrase "sentenced imposed" includes terms of imprisonment that were imposed after the defendant's first deportation order when assessing the defendant's eligibility for the § 2L1.2(b)(2)(B) enhancement. On that question, § 2L1.2(b)(2)(B) is "susceptible to more than one reasonable interpretation."

*Id.* at 1166. The Court of Appeals concluded "that when viewed in its historical context, the amended § 2L1.2(b)(2)(B) is best read as carrying forward the Commission's prior, unambiguous conclusion that a qualifying sentence must be imposed before the defendant's first order of deportation or removal." *Id.* at 1169.

On February 3, 2018, Petitioner filed this petition seeking an order pursuant to 28 U.S.C. § 2255 vacating the Judgment of thirty three months and imposing a sentence of no more than twenty-one months. Petitioner asserts that the sentence imposed was based upon an interpretation of the Sentencing Guidelines found to be error in *Hernandez Martinez.* The Government contends that Defendant waived his right to collaterally attack his sentence in the plea agreement, and that Defendant procedurally defaulted this claim failing to raise it on direct appeal. The Government further contends that the "amendment to the 2018 Sentencing Guidelines show that the Court of Appeals misinterpreted U.S.S.G. § 2L21.2(b)(2)" in *Hernandez Martinez.* (ECF No. 33 at 8).

## APPLICABLE LAW

28 U.S.C. §2255 provides that "A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the

court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

## RULING OF THE COURT

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49, (2007). A mistake in calculating the recommended Guidelines sentencing range is a "significant procedural error." *Id*. at 51. "A district court must start with the recommended Guidelines sentence, adjust upward or downward from that point, and justify the extent of the departure from the Guidelines sentence. If it makes a mistake, harmless error review applies." *United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011) (internal citation omitted).

In this case, the proper application of § 2L1.2(b)(2)(B) by this district court to Defendant's case after the decision in *Hernandez Martinez* would have resulted in an adjusted offense level of 22.[2] With a three level decrease for acceptance of responsibility and a four level decrease for fast track, the offense level would be 15. The Court granted a one-level reduction for combination of factors. The total offense level in this case after the decision in *Hernandez Martinez* would be 14 and the guideline range with a Criminal History of III would be 21-27 months.

In the Plea Agreement, the Defendant agreed as follows:

In exchange for the Government's concessions in this plea agreement, defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. The only exceptions are (i) defendant may appeal a custodial sentence above the high end of the guideline range recommended by the Government at sentencing, and (ii) defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel. If defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

---

[2] Base Offense level of eight; ten-level enhancement pursuant to § 2L1.2(b)(3)(A); and four-level enhancement pursuant to § 2L1.2(b)(2)(D).

(ECF No.17 at 10-11). At the time of the sentencing, the Government took the position that the proper offense level included an eight-level enhancement under §2L1.2(b)(2)(B), a ten-level enhancement under §2L1.2(b)(3)(A), a four-level decrease for fast track, and a one-level decrease for combination of factors for an adjusted offense level of 18 and an applicable guideline range of 33 - 41 months. The Court imposed a sentence of 33 months which is within the guideline range recommended by the Government at sentencing.

Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 298 F.3d 1149, 1153 (9th Cir. 2005). The waiver is enforceable if appellant knowingly and voluntarily waives her rights and the language of the waiver covers the grounds raised on appeal. *Id.* Defendant does not claim that his waiver was not knowing and voluntary.

"An appeal waiver will not apply if: 1) a defendant's guilty plea failed to comply with Fed.R.Crim.P. 11; 2) the sentencing judge informs a defendant that she retains the right to appeal; 3) the sentence does not comport with the terms of the plea agreement; or 4) the sentence violates the law." *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). These exceptions do not apply in this case and the sentence imposed does not exceed the permissible statutory penalty for the crime.

In *United States v. Johnson*, 67 F.3d 200, 202 (9th Cir. 1995), defendant asserted that his waiver of appeal "does not encompass appeal of issues arising out of a law enacted in the period between his plea and sentencing." The Court of Appeals stated:

> We hold that Johnson's appeal waiver encompasses appeals arising out of the law applicable to his sentencing. On its face, Johnson's waiver does not appear to be limited to issues arising from the law as it stood at the time of his plea: the waiver refers to "any sentence imposed by the district judge," not "any sentence imposed under the laws currently in effect." Although the sentencing law changed in an unexpected way, the possibility of a change was not unforeseeable at the time of the agreement.

With the advice of counsel, Defendant in this case knowingly and voluntarily waived his right to collaterally attack his conviction and sentence with two specific

exceptions. Defendant's waiver of collateral attack encompasses the challenge to his sentence in this case and does not fit into either of the two specific exceptions in the plea agreement. Defendant brings no claim based on ineffective assistance of counsel and the sentence imposed was not above the "above the high end of the guideline range recommended by the Government at sentencing." (ECF No. 17 at 10-11).

Defendant filed objections at the time of sentencing to the application of §2L1.2(b)(2)(B). The specific issue involved in the application of §2L1.2(b)(2)(B) in this case and in *Hernandez-Martinez* was identified before Defendant's sentencing and litigated at the time of sentencing. *Hernandez-Martinez* was on appeal at the time of Defendant's sentencing hearing and the subsequent result in *Hernandez-Martinez* was forseeable at the time of the agreement to waive collateral attack.

Defendant's appeal waiver in the Plea Agreement encompasses the issues in this collateral attack raised in the motion to vacate the sentence. There is no exception to the knowing and voluntary waiver in the Plea Agreement. The Court concludes that Defendant has waived his right to collaterally attack his sentence.

IT IS HEREBY ORDERED that Petition pursuant to 28 U.S.C. § 2255 to vacate sentence filed by the Defendant/Petitioner (ECF No. 30) is denied.

DATED: March 27, 2018

*William Q. Hayes*

**WILLIAM Q. HAYES**
United States District Judge